UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cr-00031-RLY-MPB |
| | ) | |
| JOHN P. HONNIGFORD, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**NOTIFICATION OF ASSIGNED JUDGE,
AUTOMATIC NOT GUILTY PLEA, TRIAL DATE,
DISCOVERY ORDER AND OTHER MATTERS**

The United States of America and the defendant are hereby notified:

**A.    ASSIGNED JUDGE**

The undersigned was assigned as Judge in the captioned case under the Rules of this

court upon the filing of Indictment/Information in the Clerk's Office of the court.

**B.  ISSUANCE OF**

**[ ] SUMMONS and/or [ X ] ARREST WARRANT**

The United States Attorney has requested that the Clerk of this court issue a

summons (notice to appear) or an arrest warrant for the defendant, together with a copy of

the Indictment/Information.   The requested process shall now issue.

**C.  NOT GUILTY PLEA NOW ENTERED**

IT IS ORDERED that a PLEA of NOT GUILTY is now entered of record to the

charge(s) in the Indictment/Information on behalf of the defendant without prejudice

to the rights of the parties to file motions that should be filed before such plea(s) which plea(s) is (are) made effective ten (10) days from date of the filing of the Indictment/Information, or from the date of notice to the defendant upon the service of the summons or the arrest warrant issued by reason of such Indictment/Information, whichever event and date is later.

## D.   CHANGE OF PLEA

IT IS FURTHER ORDERED that in the event the defendant desires to change the NOT GUILTY PLEA entered for the defendant this day, the defendant or the defendant's attorney acting on behalf of the defendant shall timely notify the Clerk of this court and the United States Attorney before the trial of such intention.   IT IS FURTHER ORDERED that defendant's attorney shall inform the court of the defendant's intent to enter (a) plea(s) of guilty by filing a Petition to Enter a Plea of Guilty.   Copies of this form pleading are available from the Clerk of this court.

## E.   TRIAL DATE SET

IT IS FURTHER ORDERED that the issues of this case shall be tried to a jury in the Federal Building at 101 N.W. M. L. King Boulevard, Evansville, Indiana, commencing at  **9:00 A.M.**  on  **AUGUST 13, 2018**  , in Room  **301**  ,   in accordance with 18 U.S.C. § 3161.   If the defendant waives trial by jury, opting instead for trial before the court, the defendant is ORDERED to notify the United States Attorney of that intention, after which counsel for the defendant and counsel for the government shall file the appropriate motion with the court as much in advance of trial

–2–

as possible.

### F.   ATTORNEY APPEARANCE FOR DEFENDANT;
### APPOINTMENT OF ATTORNEY FOR DEFENDANT

IT IS FURTHER ORDERED that defendant's attorney file a written appearance within ten (10) days from defendant's receipt of a summons or an arrest warrant.   If defendant does not have an attorney and is financially unable to employ an attorney in this case, the defendant is ORDERED to notify the Clerk of this court of these facts in writing or in person at the Federal Building, 101 N.W. M.L. King Boulevard, Evansville, Indiana, 47708, telephone number (812) 434-6410, within three (3) days of the date of receipt of summons by the defendant.   Counsel will be appointed by the court to represent the defendant if the defendant is financially unable to obtain representation and chooses to be represented by an attorney.

IT IS FURTHER ORDERED that if no attorney files a written appearance for the defendant on or before five (5) days from the date of receipt of a summons or an arrest warrant by the defendant, the Clerk shall, after prompt inquiry, contact the Federal Community Defender to inquire and report the status of the defendant's representation.

NOTICE TO DEFENDANT:   You have a constitutional right to represent yourself in this case.   *Faretta v. California*, 422 U.S. 806 (1975).   If you intend to assert this right, you are ORDERED to notify the court of your intent within five (5) days from the date you received the summons or arrest warrant so that the court may expand upon its advice and

make clear to you the dangers and disadvantages of self-representation; and so that the

record will establish that you are acting with full knowledge and understanding of the

consequences of your choice.   The court will be unable to obtain all the facts and

circumstances that an attorney would obtain.   The court cannot represent you in your case.

If you choose to represent yourself, you risk losing your case because of detrimental errors

arising from your lack of knowledge of the law.   It is almost always preferable that you not

represent yourself, but that you secure the assistance of qualified lawyer to represent you.

Nonetheless, if you persist in your desire to represent yourself, the court may appoint

counsel to stand by to render advice to you and to assume the responsibilities as your

lawyer, should you change your mind and desire the assistance of a lawyer.

## G.   PRETRIAL DISCOVERY

### 1.   DISCLOSURE OF EVIDENCE BY THE GOVERNMENT

IT IS FURTHER ORDERED that within five (5) days after defense counsel has

entered an appearance, the United States Attorney and defense counsel shall confer and,

upon request, the government shall:

### (a) Statement of Defendant

Disclose to the defendant and make available for inspection, copying, or
photographing:   any relevant written or recorded statements made by the defendant, or
copies thereof, within the possession, custody, or control of the government, the existence
of which is known, or by the exercise of due diligence may become known, to the attorney
for the government; that portion of any written record containing the substance of any
relevant oral statement made by the defendant whether before or after arrest in response to
interrogation by any person then known to the defendant to be a government agent; and
recorded testimony of the defendant before a Grand Jury which relates to the offense
charged.   The government must also disclose to the defendant the substance of any other

–4–

relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.     Upon request of a defendant which is an organization such as a corporation, partnership, association, or labor union, the government shall disclose to the defendant and make available for inspection, copying or photographing any of the foregoing statements made by a person who the government contends (1) was, at the time of making the statement, so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to that alleged conduct in which the person was involved.

### (b) Defendant's Prior Record

Furnish to the defendant a copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

### (c) Documents and Tangible Objects

Permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of a defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

### (d) Reports of Examinations and Tests

Permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

### (e)   Expert Witnesses

Disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at

trial.   This summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.

### (f)   FED. R. EVID. 404(b) Evidence

Upon request by the Defendant, the prosecution shall provide a reasonable notice at least thirty days in advance of trial of the general nature of any evidence of other crimes, wrongs or acts of the Defendant it intends to introduce at trial.   The court may excuse pretrial notice or alter the date of this disclosure on good cause shown.

### (g) Information Not Subject to Disclosure

Except as provided in items G.1.(a), (b), (d) and (e) above, this Order does not authorize the discovery and inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case.   Nor does this Order authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. Section 3500.

### (h) Grand Jury Transcripts

Except as provided in Rules 6, 12(i), 16(a)(1)(A), and 26.2 of the Federal Rules of Criminal Procedure, and subdivision G.1.(a) of this Order, this Order does not relate to discovery or inspection of recorded proceedings of a Grand Jury.

### (i)   Declination of Discovery

If, in the judgment of the United States Attorney it would not be in the interests of justice to make any one or more disclosures set forth in items (a) through (e) and requested by defendant's counsel, disclosure may be declined.   A declination of any requested disclosure shall be in writing, directed to defendant's counsel and signed personally by a supervisory level official in the Office of the United States Attorney or the First Assistant United States Attorney, and shall specify the types of disclosures that are declined.   If the defendant seeks to challenge the declination, the defendant shall follow the procedures set forth in paragraph G.4 of this Order.

### 2.   DISCLOSURE OF EVIDENCE BY THE DEFENDANT

IT IS FURTHER ORDERED that if the defendant requests disclosure under items

G.1.(c), (d) or (e) hereinabove (Federal Rules of Criminal Procedure Rule 16(a)(1)(C), (D),

or (E)), upon compliance with such request by the government, the defendant, on request of

the government, shall:

### (a) Documents and Tangible Objects

Permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

### (b) Reports of Examinations and Tests

Permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

### (c)   Expert Witnesses

Disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications.

### (d)   Notice of Alibi

**(1)      Notice by Defendant.**   As required by FED. R. CRIM. P. 12.1, upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of the defendant's intention to offer a defense of alibi, including the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names

and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

**(2) Disclosure of Information and Witness.**   Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or the defendant's attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

**(3) Continuing Duty to Disclose.**   If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (1) or (2), the party shall promptly notify the other party or the other party's attorney of the existence and identity of such additional witness.

**(4) Failure to Comply.**   Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense.   This shall not limit the right of the defendant to testify.

**(5)   Exceptions.**   For good cause shown, the court may grant an exception to any of the requirements of subdivisions (1) through (4) above.

### (e)   Information Not Subject to Disclosure

Except as to scientific or medical reports, this Order does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or the defendant's attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by government or defense witnesses, or by prospective government or defense witnesses, to the defendant, the defendant's agents or attorneys.

### 3.   CONTINUING DUTY TO DISCLOSE

If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this Order, such party shall promptly notify the other party or that other party's attorney or the court of the existence of the additional evidence or material.

–8–

### 4.   ADDITIONAL DISCOVERY OR INSPECTION

a.   If additional discovery or inspection is sought, defendant's attorney and the Assistant United States Attorney assigned to this case shall confer within ten (10) days after an appearance by the attorney for defendant with a view to satisfying these requests in a cooperative atmosphere without recourse to the court.   Any request may be oral or written and the opposing attorney shall respond in writing or orally, and

b.   In the event any party thereafter moves for additional discovery or inspection, any such motion shall be filed within fifteen (15) days after such appearance by the attorney for the defendant.

The motion shall include the following:

(1)   The statement that the prescribed conference was held;

(2)   The date of said conference;

(3)   The statement that agreement could not be reached con-
cerning the discovery or inspection that is the subject
of   the motion.

## H.   PRETRIAL MOTIONS EVIDENTIARY HEARINGS

IT IS FURTHER ORDERED that all MOTIONS (including motions to suppress

evidence), NOTICES, and REQUESTS of the parties contemplated by the Federal Rules of

Criminal Procedure and the Federal Rules of Evidence shall be filed within fifteen (15) days

after either the appearance by the attorney for the defendant or the notice given by the

defendant of the assertion of the right of self-representation.   Such motions shall comply

with the relevant provisions of the Federal Rules of Criminal Procedure and the Local Rules

of the United States District court for the Southern District of Indiana, which include,

among other things, accompanying evidence, when appropriate, and briefs, together with

tendered orders.   The party opposing such motions shall respond in like manner within

fifteen (15) days.   The parties are advised that the court will summarily rule upon all

motions except those which require an evidentiary hearing and in this event, the parties are

ORDERED clearly to advise the court of the need for an evidentiary hearing when such

motions and responses are filed.

## I.   PLEA BARGAIN

### 1.   LEGAL STANDARD

The defendant is advised that the Supreme Court of the U.S. has specifically

approved plea bargaining, holding that it is "an essential component of the administration of

justice . . . to be encouraged."   *Santobello v. New York*, 404 U.S. 257, 260 (1971).   In

keeping with the directions of the Court of Appeals for the Seventh Circuit, the defendant

personally, and defendant's attorney personally, and the United States Attorney are each

ORDERED to promptly ADVISE this court TRUTHFULLY and FULLY of all of the

provisions of ANY PLEA NEGOTIATIONS.   The parties are advised that this court has

not been and will not be a party to any plea negotiations; however, the parties need not have

the slightest fear of incurring disapproval of their conduct by the court merely because the

parties have engaged in plea negotiations.   The court reserves the right to approve or disap-

prove the recommendations of the parties resulting from such plea negotiations.   The

provisions of Rule 11(e) of the Federal Rules of Criminal Procedure dealing with plea

agreement procedure will be utilized.

## 2.   NOTIFICATION TO COURT OF AGREEMENT

As soon as an agreement is reached,   and sufficiently prior to trial to avoid the necessity of summoning jurors, the parties shall notify the court that a trial will not be necessary.   The court by separate order may impose a deadline by which time the notice of a plea agreement must be conveyed to the court in order to avoid the imposition of jury costs.

## J.   SPECIAL SERVICES

If the defendant or counsel needs special services, such as an interpreter or hearing assistance, notice of the need for such services should be given to the Clerk.

## K.   CLERK TO NOTIFY PARTIES

IT IS ORDERED that the Clerk of the United States District Court for the Southern District of Indiana issue a copy of this document for service upon the defendant at the same time as the summons/arrest warrant and Indictment/Information and also cause a copy of this document to be served upon the United States Attorney.

**SO ORDERED** this 11th day of June 2018.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


cc:   U.S. MARSHAL
      U.S. PROBATION
      U.S. ATTORNEY