UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-cr-31-RLY-MPB-01 |
| | ) |
| JOHN P. HONNIGFORD, | ) |
| | ) |
| Defendant. | ) |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney ("the Government"), and the defendant, JOHN P. HONNIGFORD, ("the defendant"), in person and by counsel, Michael Keating, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**Part 1: Guilty Plea and Charges**

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense charged in the Indictment:

    **A.** Possession of Sexually Explicit materials involving minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. **Potential Maximum Penalties**: The offense of possession of sexually explicit materials involving minors in violation of 18 U.S.C. § 2252(a)(4)(B) is punishable by a term of imprisonment of not more than 20 years, a fine of not more than $250,000 and a

term of supervised release of up to life when the images involve prepubescent minors and minors under twelve.

3. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt: (1) the Defendant knowingly possessed, or attempted to possess, or knowingly accessed with intent to view any visual depiction; (2) the visual depiction, had been mailed; and/or had been shipped or transported using any means or facility of interstate or foreign commerce; and/or had been shipped or transported in or affecting interstate or foreign commerce; and/or was produced using materials which have been mailed or shipped or transported using any means or facility of interstate or foreign commerce, including by computer; (3) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, including one or more prepubescent minors or minors less than twelve years of age; (4) the visual depiction was of such conduct; and (5) the defendant knew that one or more persons in the visual depiction was under the age of eighteen years.

## Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court

may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty", the Court may impose the same punishment as if the defendant had plead "Not Guilty", had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty and any appeal waiver contained in this agreement.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The

defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.  **Rights Under Rule 11(b), Fed.R.Crim.P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

Part 3: Sentence to be Imposed

9.  **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

    **A.**     **Government's Recommendation**: The Government will recommend that the defendant receive a term of imprisonment within the statutory sentencing range at the mid-point of the applicable advisory guideline range determined by the Court.

    **B.**     **Defendant's Recommendation**: The Defendant is free to ask for any sentence within the statutory sentencing range, including one below the advisory Guidelines range determined by the Court.

    **10.**     **Placement:** The government agrees not to oppose any request made by the defendant for a recommendation by the Court that the defendant serve any period of imprisonment in a specific facility. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

    **11.**     **Programs and/or Treatment:** The defendant may request that the Court recommend to the Federal Bureau of Prisons that the defendant participate in specific programs or receive specific treatment, including a sex offender treatment program, while serving any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

    **12.**     **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release and the terms and conditions of the release following any term of imprisonment imposed in this case.

    **13.**     **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this

case. The parties reserve the right to present evidence and arguments concerning these conditions.

14. **No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

15. **Special Assessments: (1) Mandatory**, The defendant will pay a total of $100.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013. **(2) Additional**, The Court will determine whether to impose an additional special assessment of $5,000 for a non-indigent person convicted of an offense under Chapter 110 of Title 18 pursuant to 18 U.S.C. § 3014. The parties understand and agree that the Court will determine whether to impose the additional special assessment after hearing any arguments from the parties.

16. **Fine:** The Court will determine whether to impose a fine in this case after hearing any arguments from the parties. The government may request imposition of a fine within the recommended Guideline range.

17. **Restitution:** The government may request restitution for identifiable child exploitation victim images received, possessed, downloaded, or accessed with the intent to view by the defendant. The defendant shall pay $3,000 in restitution to each identifiable child exploitation victim up to a maximum of $15,000. If the government requests a total amount of

restitution greater than $15,000, then the Court will determine the appropriate amount of restitution at the time of the sentencing after considering the evidence and arguments presented by the parties.

    **18.**     **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant would have a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the defendant for use in the collection of any fines and restitution imposed by the Court.

    **19.**     **Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity. The defendant further agrees not to contest any forfeiture action brought against any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and

agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

    **A.**    One Alien desktop computer tower bearing partial serial number D8JQD2;

    **B.**    One WD Toshiba external hard drive bearing partial serial number 50TTV2;

    **C.**    All component parts of the described devices.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5: Factual Basis for Guilty Plea

20. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence and the government reserves the right to present additional evidence at the time of sentencing.

A. On May 17, 2017, in the Southern District of Indiana, the defendant knowingly possessed one or more visual depictions.

B. The visual depictions had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce, and or produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, by any means, including by computer and internet transmission.

C. The producing of such visual depictions involved the use of minors engaging in sexually explicit conduct.

D. The visual depictions involved actual minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), including one or more visual depictions involving a prepubescent minor or a minor less than twelve years of age.

E. The defendant did so by installing file sharing software on his computer system and using this software to conduct internet based searches for sexually explicit material involving minors. After conducting such searches, the defendant selected files for downloading that contained depictions of sexually explicit conduct involving minors. The defendant then used his computer system to save the sexually explicit material on data storage devices, including external hard drives. The defendant's computer hard drive and data storage devices were manufactured and produced outside of Indiana.

F. One of the data storage devices used by the defendant was a Toshiba 1.5 TB external hard drive. An examination of the contents of the Toshiba 1.5 TB external hard drive was conducted as a part of the investigation. The Toshiba hard drive had a well-organized file structure. Many file folders on the Toshiba hard drive were found to contain depictions of

minors engaged in sex acts and minors depicted in sexually explicit poses including depictions of the genital and pubic area of minors. The Toshiba hard drive contained a substantial number of images depicting minors engaged in sex acts and sexually explicit poses. The Toshiba hard drive contained large sets of images involving LS models depicting minor females in sexually explicit poses including poses displaying the genital and pubic area. An FBI task force officer successfully downloaded files from the same LS models sets from file sharing folders on the defendant's computer system during a March 24, 2017 online investigation. The file creation dates on the hard drive show that the defendant saved these LS model sets to his external hard drive on April 3, 2017 after downloading the files using file sharing software beginning on or about March 24, 2017.

     **G.**    On May 17, 2017, at the time of the search of his residence, the defendant made statements to a FBI task force officer generally admitting that he used his computer system and an external hard drive to acquire, view, possess, and save images depicting actual minors engaging in sexually explicit conduct.

     **H.**    The defendant performed acts related to the offense from his residence located in Evansville, Indiana, within the Southern District of Indiana.

### Part 6: Other Conditions

     **21.**    **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

22. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

23. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

24. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    A. Section 2G2.2(a)(1) of the Sentencing Guidelines applies to this case and establishes a base offense level of 18.

    B. Pursuant to U.S.S.G. § 2G2.2(b)(2) 2 levels are added because the offense involved a prepubescent minor or a minor under the age of twelve years.

    C. Pursuant to U.S.S.G. § 2G2.2(b)(4) 4 levels are added because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

    D. Pursuant to U.S.S.G. § 2G2.2(b)(6) 2 levels are added because the offense involved the use of a computer to possess the material.

E. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D) 5 levels are added because the offense involved 600 hundred or more images.

F. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to make a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

G. **Final Offense Level:** 28

### Part 8: Waiver of Right to Appeal

25. **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, regardless of the defendant's criminal history

category or how the sentence is calculated by the Court, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine and restitution.

26. **Collateral Attack:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

27. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

**28.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**29.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

**30.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Part 11: Statement of the Defendant

**31.** By signing this document, the defendant acknowledges the following:

**A.** I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I

wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

   **B.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

   **C.** I have read the entire Plea Agreement and discussed it with my attorney.

   **D.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

   **E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

   **F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

I. I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

### Part 12: Certificate of Counsel

32. By signing this document, the defendant's attorney and counselor certifies as follows:

A. I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

16

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

### Part 13: Final Provision

33. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

8-26-19
DATE

Todd S. Shellenbarger
Assistant United States Attorney

8.26.19
DATE

Joe H. Vaughn
Criminal Division Chief

8/19/19
DATE

John P. Honnigford
Defendant

8/19/19
DATE

Michael Keating
Counsel for Defendant

18